UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ENGINEERS JOINT WELFARE, PENSION,
SUPPLEMENTAL UNEMPLOYMENT BENEFIT
AND TRAINING FUNDS, by Daniel P. Harrigan,
as Administrator; CENTRAL PENSION FUND
OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS AND PARTICIPATING
EMPLOYERS, by Michael R. Fanning, as Chief
Executive Officer; and INTERNATIONAL
UNION OF OPERATING ENGINEERS LOCAL
UNION NO. 106, by Daniel J. McGraw, as
Business Manager,

          **Plaintiffs,**

      v.                5:06-CV-1539
                          (FJS/GHL)

RONALD REAPE d/b/a ATS MANAGEMENT
CONSTRUCTION,

          **Defendant.**
_____

**APPEARANCES**               **OF COUNSEL**

**BLITMAN & KING LLP**         **JENNIFER A. CLARK, ESQ.**
Franklin Center
443 North Franklin Street
Suite 300
Syracuse, New York 13204-1415
Attorneys for Plaintiffs

**RONALD REAPE d/b/a**         **NO APPEARANCE**
**ATS MANAGEMENT CONSTRUCTION**
819 Lincoln Avenue
Schenectady, New York 12307

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiffs commenced this action on December 22, 2006.  *See* Dkt. No. 1.  On January 13, 2007, Plaintiffs served the summons and complaint in this action upon Defendant by personally delivering a copy of the same to Ronald Reape.  *See* Affidavit of Jennifer A. Clark, sworn to August 30, 2007 ("Clark Aff."), at ¶ 5 & Exhibit "B" attached thereto.  The time within which Defendant could answer or otherwise move as to the complaint expired on February 2, 2007.  *See id.* at ¶ 7.  On February 15, 2007, Plaintiffs filed and the Clerk of the Court entered a Notice of Default against Defendant for failure to plead or otherwise respond to the complaint.  *See id.* at ¶ 8 & Exhibit "C" attached thereto.

Defendant is a party to collective bargaining agreements with the International Union of Operating Engineers, Local No. 106 ("Agreement").  Pursuant to the Agreement, Defendant must remit fringe benefit contributions and dues deductions to Plaintiffs for all hours that any of its covered employees work.  Furthermore, the rules and regulations of Plaintiff Funds' Board of Trustees and the terms and conditions of Plaintiff Funds' Agreements and Declarations of Trust and the Collection Policy bind Defendant.  The Agreements and Declarations of Trust, the Collection Policy, and Sections 515 and 502(g) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145, 1132(g)(2), require Defendant, if it is delinquent in remitting contributions and deductions, to pay interest, the greater of interest or liquidated damages, costs and fees of collection and attorney's fees.  *See* Affidavit of Robert J. Jones, sworn to August 24, 2007 ("Jones Aff."), at ¶ 7 & Exhibits "A" & "B" attached thereto; Affidavit of Daniel P. Harrigan, sworn to August 27, 2007 ("Harrigan Aff."), at ¶ 9; Affidavit of

Michael R. Fanning, sworn to August 20, 2007 ("Fanning Aff."), at ¶ 6.

Plaintiffs' first, third, and fourth causes of action seek judgment for $6,428.24 in fringe benefit contributions and dues deductions with regard to the hours that covered employees worked during the month of November 2005 and during the period of May 2006 through August 2006, together with interest and liquidated damages, plus attorney's fees and costs. *See* Clark Aff. at ¶ 9 & Exhibit "A" attached thereto at ¶¶ 25, 41, 63. In addition, Plaintiffs' second and fifth causes of action seek judgment for $108.82 in interest and $346.47 in liquidated damages plus "any and all additional contributions and deductions that become due following commencement of the action or are determined to be due whether arising before or after commencement of the action," costs and fees of collection and attorney's fees. *See id.* at ¶ 14 & Exhibit "A" attached thereto at ¶¶ 30, 71.

Currently before the Court is Plaintiffs' motion for entry of a default judgment, pursuant to Rule 55 of the Federal Rules of Civil Procedure, against Defendant.

## II. DISCUSSION

### A.  Standard of review

When a court considers a motion for the entry of a default judgment, it must "accept[] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). However, the court cannot construe the damages alleged in the complaint as true. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation omitted). This

inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Section 1145 of Title 29 of the United States Code provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

If an employer violates § 1145, 29 U.S.C. § 1132(g)(2) provides that,

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if

>none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g).

Since Defendant is an employer obligated to make contributions to Plaintiffs under the Agreement and has not made those required payments, the Court will apply the provisions of § 1132(g)(2) to calculate Plaintiffs' damages.

**B.    Calculation of Plaintiffs' damages**

*1. Unpaid contributions*

Plaintiffs have submitted evidence to show that Defendant failed to pay them **$6,428.24** in fringe benefit contributions and dues deductions.  *See* Clark Aff. at ¶¶ 9-12; Harrigan Aff. at ¶ 17; Jones Aff. at ¶ 13; Affidavit of Linda L. DeMacy, sworn to August 22, 2007 ("DeMacy Aff."), at ¶ 8 & Exhibit "A" attached thereto.[1]  Accordingly, the Court awards Plaintiffs this amount as part of their judgment against Defendant.

*2. Interest on the unpaid contributions*

Pursuant to the Agreement, if Defendant fails timely to remit the monies due, it is liable for interest on the unpaid and untimely paid contributions to the Benefit Funds at the rate of two percent (2%) per month, interest on the unpaid and untimely paid contributions to the Central

---

[1] This **$6,428.24** consists of **$3,896.56** in contributions that Defendant owes to the Engineers Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds ("Benefit Funds"); **$1,766.70** in contributions that Defendant owes to the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"); and **$764.98** in dues deductions that Defendant owes to the International Union of Operating Engineers, Local Union No. 106 ("Local 106").

Pension Fund at the rate of twelve percent (12%) per annum, and interest on the unpaid and untimely paid dues to Local 106 at the rate of twelve percent (12%) per annum. *See* Harrigan Aff. at ¶ 9. Using these figures, Plaintiffs have submitted evidence to show that Defendant owes them **$1,489.71** in interest. *See* Clark Aff. at ¶¶ 10-12; Harrigan Aff. at ¶ 17; Jones Aff. at ¶ 13; DeMacy Aff. at ¶ 8 & Exhibit "A" attached thereto.[2] In addition, Plaintiffs have submitted evidence to show that Defendant owes them **$108.82** in interest related to untimely payments for the period April to July 2006. *See* Clark Aff. at ¶¶ 15-16. Accordingly, the Court awards Plaintiffs **$1,598.53** in interest as part of their judgment against Defendant.

### *3. Liquidated damages*

Plaintiffs are entitled to liquidated damages equal to the greater of (1) the interest on the unpaid contributions or (2) the liquidated damages provided for under the collective bargaining agreement in an amount that does not exceed twenty percent of the unpaid contributions. *See* 29 U.S.C. § 1132(g)(2)(C). In this case, Plaintiffs have submitted evidence to show that Defendant owes them **$1,680.55** in liquidated damages. *See* Clark Aff. at ¶¶ 10-12; Harrigan Aff. at ¶ 17; Jones Aff. at ¶ 13; DeMacy Aff. at ¶ 8 & Exhibit "A" attached thereto.[3] In addition, Plaintiffs have submitted evidence to show that Defendant owes them **$346.47** in liquidated damages related to untimely payments for the period April to July 2006. *See* Clark Aff. at ¶¶ 15-16.

---

[2] This **$1,489.71** consists of **$1,174.21** in interest that Defendant owes to the Benefit Funds, **$199.98** in interest that Defendant owes to the Central Pension Fund, and **$115.52** in interest that Defendant owes to Local 106.

[3] This **$1,680.55** consists of **$1,174.21** in liquidated damages that Defendant owes to the Benefit Funds, **$353.34** in liquidated damages that Defendant owes to the Central Pension Fund, and **$153.00** in liquidated damages that Defendant owes to Local 106.

Accordingly, the Court awards Plaintiffs **$2,027.02** in liquidated damages as part of their judgment against Defendant.

### *4. Audit fees, attorney's and paralegal fees, and costs*

Under the terms of the Agreement, Plaintiffs' Trusts, Plaintiffs' Collection Policies and ERISA, § 1132(g)(2)(D), Defendant is liable for all audit fees, attorney's fees, and costs that Plaintiffs incurred in collecting the amounts that Defendant owes them.

In his affidavit, Joseph W. McCarthy, who conducted a payroll audit of Defendant, states that the fees and costs associated with his audit total **$906.60**. *See* Affidavit of Joseph W. McCarthy, sworn to August 21, 2007, at ¶ 11 & Exhibit "B" attached thereto.  Accordingly, the Court awards Plaintiffs this amount as part of their judgment against Defendant.

To calculate an award of attorney's fees, the court multiplies a reasonable hourly rate by the number of hours reasonably expended on the litigation. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (citations omitted). The party entitled to attorney's fees has the burden of establishing the appropriate hourly rate and documenting the time reasonably expended on the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In this context, the reasonable hourly rate must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Moreover, the "prevailing community" is "'the district in which the court sits.'" *Luciano*, 109 F.3d at 115 (quotation omitted).

In this District, the prevailing rates are currently $210.00 per hour for the most

experienced attorneys, $150.00 per hour for attorneys with four or more years of experience, $120.00 per hour for attorneys with less than four years of experience, and $80 per hour for paralegals. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, No. 03-CV-502, 2005 WL 670307, *6 (N.D.N.Y. Mar. 22, 2005).

Plaintiffs have calculated their attorney's fees using the following rates: $216.00 per hour for attorneys and $118.00 per hour for paralegals for the work they performed in 2006 and $225.00 per hour for attorneys and $123.00 per hour for paralegals for the work they performed in 2007. Since these hourly rates differ from the prevailing rates in this District, the Court will recalculate the attorney's fees using the hourly rates set forth in *Arbor Hill Concerned Citizens Neighborhood Ass'n*.

Four individuals worked on this case on Plaintiffs' behalf: (1) Jennifer A. Clark, Esq., an experienced attorney; (2) Linda L. DeMacy, a paralegal; (3) Melissa A. Eusepi, a paralegal; and (4) Jessica L. Ratkowski, a paralegal. Applying the prevailing hourly rates to the time that each of these individuals expended on this matter results in the following calculations:

| **Attorney/Paralegal** | **Hours Worked** | **Hourly Rate** | **Total** |
|---|---|---|---|
| Jennifer A. Clark | 13.6 | $210.00 | $2,856.00 |
| Linda L. DeMacy | 6.95 | $80.00 | $556.00 |
| Melissa A. Eusepi | 1.65 | $80.00 | $132.00 |
| Jessica L. Ratkowski | .55 | $80.00 | $44.00 |

Based upon these calculations, the Court awards Plaintiffs **$3,588.00** in attorney's and paralegal fees as part of their judgment against Defendant.

Plaintiffs are also entitled to recover the costs associated with this litigation, including

copying costs, facsimile costs, filing fees, postage and delivery costs, costs associated with the service of the summons and complaint, and computer research costs. In their submissions, Plaintiffs state that they have expended $753.75 on such items. Plaintiffs also submit that they expended $210.00 for "Index Numbers;" however, there is no need for a party to obtain Index Numbers in this Court. Therefore, the Court denies Plaintiffs' request for the costs associated with this item. Accordingly, the Court awards Plaintiffs **$753.75** in litigation costs as part of their judgment against Defendant.

### III. CONCLUSION

After reviewing Plaintiffs' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for entry of a default judgment against Defendant is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiffs and against Defendant in the amount of **$15,302.14**[4] plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

**IT IS SO ORDERED.**

Dated: June 9, 2008
       Syracuse, New York

                                                  Frederick J. Scullin, Jr.
                                                  Senior United States District Court Judge

---

[4] The total judgment of **$15,302.14** is calculated as follows:

| | |
|---|---|
| $ 6,428.24 | unpaid and delinquent contributions and deductions |
| $ 1,598.53 | interest |
| $ 2,027.02 | liquidated damages |
| $    906.60 | audit fees |
| $ 3,588.00 | attorney's and paralegal fees |
| $    753.75 | litigation costs |